# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD BURNS,<br><br>                Petitioner,<br><br>v.<br><br>CHARLES E. WARREN, et al.,<br><br>                Respondents. | Civil Action<br>No. 13-1929 (RBK)<br><br><br>OPINION |

**KUGLER, District Judge:**

Petitioner Ronald Burns ("Petitioner") has submitted a motion seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 17) and a motion for authorization to consider a second or successive habeas petition pursuant to 28 U.S.C. § 2244 (ECF No. 18). For the reasons stated below, the Court will dismiss both motions for lack of jurisdiction.

## I. BACKGROUND

On or about March 22, 2013, Petitioner, an inmate currently confined at New Jersey State Prison in Trenton, New Jersey, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction. (*See* ECF No. 1). On March 22, 2016, in a comprehensive opinion and order, this Court denied Petitioner's habeas petition on the merits. (*See* ECF Nos. 10 & 11). Petitioner appealed, and on May 16, 2017, the United States Court of Appeals for the Third Circuit denied a certificate of appealability on the ground that jurists of reason would not debate this Court's conclusion regarding Petitioners claims. *See Burns v. Admin. New Jersey State Prison*, No. 16-1875, 2017 WL 4574445, at *1 (3d Cir. May 16, 2017). On July 27, 2017, the Third Circuit denied a petition for a panel rehearing. The Supreme Court denied Petitioner's writ for certiorari on January 8, 2018. *See Burns v. Johnson*, 138 S.Ct. 664 (2018).

On November 3, 2017, Petitioner filed a motion for relief from order pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 17), seeking relief from this Court's March 22, 2016 decision. Additionally, on December 5, 2017, Petitioner filed applications for permission to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244 in this Court (ECF No. 18) and in the Third Circuit. By Order dated January 23, 2018, the Third Circuit denied Petitioner's request, holding that:

> The application under 28 U.S.C. § 2244 to file a second or successive petition under 28 U.S.C. § 2254 is denied. Burns has not satisfied the requirements for obtaining authorization to file a second or successive § 2254 petition. He does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2) and (3). He cites *Satterfield v. DA Philadelphia*, 872 F.3d 152, 162 (3d Cir. 2017), but *Satterfield*, among other things, is a case from this Court, not the Supreme Court. He also discusses *Martinez v. Ryan*, 566 U.S. 1 (2012); however, *Martinez* did not announce a new rule of constitutional law. *See Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014); *Martinez*, 566 U.S. at 11 (noting that the Court's ruling was equitable). Furthermore, Burns cannot show that the facts underlying his claims would establish that no reasonable factfinder would have found him guilty. 28 U.S.C. § 2244(b)(2)(B)(ii).

*In re: Ronald Burns*, C.A. No. 17-3638 (3d Cir. Jan. 23, 2018).

## II.     DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically at issue in this case is Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014), *cert. denied sub nom.*, *Wetzel v. Cox*, 135 S. Ct. 1548 (2015).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." *Weber v. Pierce*, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted); *see also Cox*, 757 F.3d at 120 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

Further, where, as here, a district court is presented with a Rule 60(b) motion after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(b). The Third Circuit has explained that,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004); *see also Parham*, 496 F. App'x at 184 (explaining that a 60(b) motion should be treated as a second or successive habeas petition if it "seeks vindication" of a "claim" defined as "an asserted federal basis for relief from a state court's judgment of conviction").

Here, Petitioner relies on Rule 60(b)(6) and asserts that he should be permitted to advance his claims of "actual innocence," ineffective assistance of counsel, and prosecutorial misconduct. (*See* ECF No. 17 at pp. 18-22). In his motion, Petitioner explicitly attacks the validity of, and presents substantive challenges to, his underlying state conviction and sentence. Because

3

Petitioner's Rule 60(b) motion does not attack the manner in which the decision denying Petitioner's first habeas application was procured, Petitioner's motion is not a "true" Rule 60(b) motion; and it should be construed as a second or successive habeas petition pursuant to § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Pridgen*, 380 F.3d at 727; *Evans v. Pierce*, 148 F. Supp. 3d 333, 337 (D. Del. 2015), *aff'd* (June 16, 2016) (holding that a motion which did not challenge the way in which a petitioner's claim was adjudicated was more appropriately construed as a second or successive habeas petition).

Before a second or successive petition may be filed in the district court, the petitioner must first move in the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place"). Here, because the Third Circuit denied Petitioner permission to file a second or successive habeas petition, this Court is without jurisdiction to address the claims advanced in Petitioner's Rule 60(b)(6) motion.

Additionally, this Court lacks authority to grant petitioners permission to file successive habeas petitions; pre-certification by the court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application." (emphasis added)). Accordingly, Petitioner's motion to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244 (ECF No. 18) is dismissed for lack of jurisdiction.

### III.     CERTIFICATE OF APPEALABILITY

To the extent one may be necessary, the Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).

### IV.     CONCLUSION

For the reasons set forth above, Petitioner's motion for relief pursuant to Rule 60(b)(6) (ECF No. 17) and motion for authorization to consider a second or successive habeas petition pursuant to 28 U.S.C. § 2244 (ECF No. 18) will be dismissed for lack of jurisdiction.  The case will be reclosed.  An appropriate order follows.

Dated:  April 20, 2018

 s/Robert B. Kugler
ROBERT B. KUGLER
U.S. District Judge